Seward, J. (orally).
.This case is submitted to the.court upon a general demurrer to the petition. This petition, in substance, alleges that the plaintiff was a passenger on a ear of these defendants. That she- took passage in the northern part of the city and ábout midnight the car was coming to the place where the cars stopped at the northwest corner of the square. She says that the conductor permitted the trolley, negligently, to jump from the 'trolley wire; which put out the lights in the car; that she got off of the car; that they negligently permitted the fender to. remain out at the rear end of the car, and while she was tempo-' rarily blinded of reason of the light going' out on the ear, she attempted to go around the back end of the ear and fell over the fender and broke two ribs, etc.
*511 This raises the question as to whether she was guilty of contributory negligence, if the allegations of fact contained in this petition are admitted to be true.
It is said by the plaintiff that the very fact that they permitted the fender to remain out on the rear end of the car was negligence. The petition does not say that it was an adjustable fender and could be drawn in, and that it was necessary for the defendant to draw it in whenever they stopped; but that the very fact of the fender being out was negligence on the part of the railway company; that they should have had that fender drawn in under the ear.
The'court thinks, if this woman was temporarily blinded, by reason of the trolley having jumped from the wire, and the light going out on the car, that she owed some duty to herself to stop when she was blinded, or call for assistance before she attempted to go around that ear. If she was in a blinded condition, temporarily, by reason of that trouble, she had no business to attempt to go around that car in that condition, and the court thinks that this petition shows that she was guilty of contributory negligence herself.
The court will read the first proposition of the syllabus in the case of Cleveland, C. & C. Ry. v. John Crawford, Admr., found in the 24th Ohio State at page 630:
“Ordinary prudence requires that a person in the full enjoyment of the faculties of hearing and seeing [the plaintiff in this case was in the full enjoyment of her faculties, except that they were temporarily interfered with] before attempting to pass over a known railroad crossing, should use them for the purpose of discovering and avoiding danger from an approaching train; and the omission to do so, without a reasonable excuse therefor, is negligence, and will defeat an action by such person for an injury to which such negligence contributed. ’ ’
I am cited to the case of Cincinnati Street Railway Co. v. Snell, reported in the 54th Ohio State, at page 197. In this case there was a double track railroad in the city of Cincinnati; Snell boarded one of the cars, and attempted to get off; the car on which he was riding had come almost to a stop; he got off, went around the rear end of the car and a ear that was going about twenty miles an hour came on the other track. In his *512 efforts to get ¿cross the track, the car which was coming down at a reckless rate of speed—twenty miles an hour, in a city at a street crossing—ran into him and hurt him.
The court is dealing.with that proposition, and say, at page 204:
“The question presented for the court was simply, did the evidence establish, as a matter of law, that Snell was guilty of negligence contributory to his injury ? The place of the accident was a street crossing, used as such by the public, and recognized as such by the company. It was the duty of the company to keep in mind the rights of pedestrains on that crossing, and especially its duty to observe the rights of its own patrons who were under a necessity of using that crossing in going from its cars to their houses. Ancient rights have not changed because new vehicles of travel have been introduced upon the streets, nor because a portion of the people who ride, being in haste to reach their destination, demand rapid transit. The streets remain for all the people, and he who goes afoot has the right, especially at a crossing, to walk to this destination; he should not be compelled to run, or to dodge and scramble, to avoid collision with vehicles. As a general proposition, drivers of vehicles have the same right to travel along the carriageway of a street that foot passengers have a right to walk there. There is no priority of right, so that the right of neither is exclusive. But it is to be borne in mind that the injury by collision is wholly upon the side of the foot-man; and the right of personal protection which every person possesses, together with that moral and legal obligation to refrain from doing an injury to his person which is imposed upon all others, gives the foot passenger such a right on street crossings as to make it the duty of drivers of vehicles, whether wagons, wheels or cars, to so regulate their speed and give such warning of approach, at whatever cost of pains and trouble on their part, as that the footman, using ordinary care himself and barring inevitable accident, may cross in safety.”
It will be observed that the charge in this case was running at a reckless- rate of speed, and that was the reason of the injury to Snell. That is the proposition that the court is dealing with here and it is clearly distinguishable from the ease at bar.
According to the view that the court takes in this matter, the demurrer will have to be sustained.